EXPERI-METAL, INC.,
a Michigan corporation,

        Plaintiff,        Case No. 2:09-CV-14890

v.        Hon. Patrick J. Duggan

COMERICA BANK.,
a foreign banking organization,

        Defendant.

| | |
|---|---|
| Richard B. Tomlinson (P27604)<br>Daniel R. Boynton (P30359)<br>Joseph W. Thomas (P33226)<br>DRIGGERS, SCHULTZ & HERBST, P.C.<br>Attorneys for Plaintiff<br>2600 West Big Beaver Road, Suite 550<br>Troy, MI 48084<br>(248) 649-6000<br>rtomlinson@driggersschultz.com | Todd A. Holleman (P57699)<br>Lara Lenzotti Kapalla (P67667)<br>MILLER CANFIELD PADDOCK AND STONE, PLC<br>Attorneys for Defendant<br>150 W. Jefferson, Suite 2500<br>Detroit, MI 48226<br>(313) 963-7420<br>holleman@millercanfield.com<br>kapalla@millercanfield.com |

## **STIPULATION AND PROTECTIVE ORDER**

        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the stipulation of the parties,

**IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:**

        1.    The terms and conditions of this Order shall govern initial disclosures, the production and handling of documents including, but not limited to, electronic documents, electronic data and any other electronically stored information, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas during the course of the above-captioned litigation (the "Litigation").

2. The designation "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain, reflect or reveal (a) non-public, proprietary or commercially sensitive information or other information that the producing party normally attempts to protect from disclosure; (b) personal, business or financial information; (c) documents or information protected from disclosure by contractual obligations between the producing party and any third party; (d) with respect to the parties, their employees, or their customers, personal data, including but not limited to social security numbers, credit card or bank account information, and other sensitive personal information; or (e) information that should otherwise be subject to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure.

3. Information designated "CONFIDENTIAL" may be disclosed only to the following persons:

(a) a named party;

(b) in-house counsel of a named party or, for a party that does not have in-house counsel, one officer or employee of that party who is responsible for the Litigation for that party;

(c) outside counsel representing a named party in the Litigation, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(d) court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel;

(e) an expert or consultant who (i) is retained by any attorney described in Paragraphs 3(b) and (c) to assist with the Litigation, and ii) is not a current employee of a party or subsidiary or affiliate of a party;

(f) a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the Litigation;

(g) during depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document;

(h) any private mediators utilized in the Litigation; and

(i) the Court, and any Special Masters and/or Mediators appointed by the Court, under seal.

4. All information designated "CONFIDENTIAL" in accordance with the terms of this Order and produced or exchanged in the course of the Litigation shall be used or disclosed solely for the purpose of the Litigation and in accordance with the provisions of this Order. Such "CONFIDENTIAL" information shall not be used for any business purpose, or in any other litigation or other proceeding, or for any other purpose, except by Court Order or otherwise required by law.

5. Any person or party receiving "CONFIDENTIAL" information that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" information shall promptly give notice by facsimile to the producing party identifying the information sought and enclosing a copy of the subpoena or request. Provided that the producing party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the producing party or until ordered by a court of competent jurisdiction.

6. Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" information the terms of this Order, as well as the obligation to comply with those terms. Persons receiving "CONFIDENTIAL" information are prohibited from disclosing it to any person except in conformance with this Order. The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" information, that damages for violation of this Order are not an adequate remedy and that the appropriate remedy is injunctive relief.

7. The recipient of any "CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

8. "CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel,

such as by way of example and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which comprise, embody or summarize information a bout the producing party's business, products, practices and procedures.

9. In designating information "CONFIDENTIAL", the producing or testifying party or person, including third parties, will make such designation only as to that information that it in good faith believes is "CONFIDENTIAL". All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in the Litigation may be designated "CONFIDENTIAL" by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL".

10. The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL." The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL" information. If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" information.

(a) A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute;

11. Before any document marked as "CONFIDENTIAL" is filed with the Court, the party filing the document shall make reasonable efforts to ensure the document is protected from public disclosure. The filing party shall first consult with the party that originally designated the document as "CONFIDENTIAL" to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal. Where agreement is not possible or adequate, a confidential document may be filed under seal in an envelope marked "CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order". All under seal documents will be filed pursuant to the procedures specified by the court's rules, procedures and administrative guidelines. Entry of this Order constitutes leave of the Court to file material marked "CONFIDENTIAL" by non-ECF means.

12. At the request of a producing party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

13. Nothing in this Order shall be construed in any way as a finding that information designated "CONFIDENTIAL" actually is "CONFIDENTIAL" information. Any party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to the Litigation disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of

such dispute in good faith on an informal basis. If the parties cannot resolve the dispute within twenty-one (21) days of service of a written objection, the party challenging the designation may file a motion to compel within twenty-one (21) days after the parties' informal attempts at resolution have concluded. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion. The party that designated the information "CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

14. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the Litigation. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

15. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" information so long as the attorney does not disclose "CONFIDENTIAL" information.

16. The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality except where: (a) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (15) business days of becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the producing party fails to provide properly redesignated documents to the receiving party. During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice. Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

17. Should any "CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the

receiving party shall: (a) use its best efforts to obtain the return of any such "CONFIDENTIAL" information and to bind such person or party to the terms of this Order; and (b) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing party.  The executed Certification shall be served upon counsel for the producing party within ten (10) business days of its execution by the party to whom the "CONFIDENTIAL" information was inadvertently or otherwise disclosed. Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

18. A producing person or entity who is not a party in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record.  Thereafter, a producing person or entity may designate as "CONFIDENTIAL" only testimony, information, documents or things that such producing person or entity has produced or provided in the action.

19. A party that intends to present or which anticipates that another party may present at trial "CONFIDENTIAL" documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

20. This Order shall survive the termination of this Litigation and the transferred actions and shall continue in full force and effect thereafter.

21. After final termination of this action, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court.  Nothing herein shall require the return or destruction of attorney work product.  Such material shall continue to be treated as designated under this Order. Within sixty (60) days after final termination of the Litigation, at the request of the producing party, counsel for the receiving party either shall (a) return all additional "CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" information in discovery or (b) certify destruction thereof to the producing party's counsel.  As to

"CONFIDENTIAL" information reflected in computer databases or backup tapes or any other electronic form, the receiving party shall erase all such "CONFIDENTIAL" information.

22. Within thirty (30) days after final termination of the Litigation, outside counsel for a named party shall retrieve from the Court all "CONFIDENTIAL" information that it filed with the Court during the Litigation and return or dispose of such information in accordance with Paragraph 21.

23. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity. All copies of inadvertently or mistakenly produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

24. Provided a party has followed the procedures set forth herein, the Court deems that the party has complied with the requirements of the Federal Rules of Civil Procedure, the local rules of the U.S. District Court for the Eastern District of Michigan, and this Court's practice guidelines.

25. Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or

modification of this Order.  Nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

ENTERED:

s/Patrick J. Duggan

Patrick J. Duggan

United States District Judge

Dated: November 10, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2010 ,by electronic and/or ordinary mail.

s/Marilyn Orem

Case Manager

**STIPULATION TO ENTRY OF ORDER**

Stipulated to and approved for entry by:

| DRIGGERS, SCHULTZ & HERBST, P.C. | MILLER CANFIELD PADDOCK AND STONE, PLC |
|---|---|
| By /s/Richard B. Tomlinson w-permission<br>    Richard B. Tomlinson (P27604)<br>Attorneys for Plaintiff<br>2600 West Big Beaver Road, Suite 550<br>Troy, MI 48084<br>(248) 649-6000<br>rtomlinson@driggersschultz.com | By /s/Todd A. Holleman<br>    Todd A. Holleman (P57699)<br>Attorneys for Defendant<br>150 W. Jefferson, Suite 2500<br>Detroit, MI  48226<br>(313) 963-7420<br>holleman@millercanfield.com |

18,098,196.3\022754-01932